**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM W. WEESE | ) | CASE NO:      3:07-cv-0296 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE PETER C. ECONOMUS |
| v. | ) | |
| | ) | MAGISTRATE JUDGE NANCY A. |
| STUART HUDSON, Warden, | ) | VECCHIARELLI |
| | ) | |
| Defendant. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

On February 2, 2007, Petitioner, William W. Weese ("Weese") filed a Petition for Writ of Habeas Corpus asserting three grounds for relief. (Doc. No. 1.) On May 25, 2007, Respondent filed a Return of Writ asserting, among other things, that Weese's ineffective assistance of appellate counsel claim is unexhausted and should, therefore, be dismissed. (Doc. No. 9 at 22.) On August 13, 2007, Weese filed a motion to hold the proceedings in abeyance while he exhausts his state court remedies, and alternatively, for an extension of time within which to file a traverse. (Doc. No. 12.) For the reasons set forth below, the Magistrate Judge recommends that Weese's motion (Doc. No. 12) be **GRANTED** in part and **DENIED** in part.

In Ground One of the Petition, Weese asserts that he was denied the effective assistance of appellate counsel when counsel failed to notify him that the Court of Appeals of Ohio ("state appellate court") had denied his direct appeal and that he could further appeal to the Supreme Court of Ohio. Weese's sole claim on direct appeal was that the sentence imposed by the trial court violated the Sixth Amendment under the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), because "the findings of the court supporting the sentence were

not admitted by [Weese] nor found beyond a reasonable doubt by a jury." (*See* Doc. No. 9, Ex. G.) Weese asserts that his counsel's performance was particularly deficient because at the time the state appellate court denied Weese's claim, a conflict existed among Ohio's appellate courts regarding the issue of whether *Blakely* rendered Ohio's sentencing scheme unconstitutional.[1] (*Id.*)

The Supreme Court of Ohio decided the issue on February 27, 2006 when it held, in four consolidated cases, that Ohio's sentencing scheme was unconstitutional under the principles announced in *Blakely*. *State v. Foster*, 845 N.E.2d 470, 494 (2006). *Foster's* holding was applied to all cases pending on direct review at the time of the decision. *Id.* at 499. Notably, had Weese filed a timely notice of appeal in the Supreme Court of Ohio, it appears that his case may have been pending on direct review at the time *Foster* was decided.[2]

Respondent asserts that Weese's claim for ineffective assistance of appellate counsel is unexhausted because Weese still has an available state court remedy, a delayed application to reopen the appeal under Ohio R. App. P. 26(B) ("Rule 26(B)").[3] (Doc. No. 9 at 22.) According

---

[1]Weese's appellate counsel appears to have been aware of the conflict, as Weese's appellate brief discusses the conflict in detail. (Doc. No. 9, Ex. G at 6-7.)

[2]The appeals consolidated in *Foster* were submitted July 26, 2005, August 10, 2005, and February 10, 2006. The Court of Appeals of Ohio denied Weese's appeal on August 5, 2005. *Foster* was decided February 27, 2006.

[3]Rule 26(B)(1) provides as follows:
> (1) A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.

Ohio R. App. P. 26(B)(1).

-2-

to Weese, while his Petition was pending in this Court, he filed a delayed Rule 26(B) application in the Court of Appeals of Ohio, but the court denied the application on the grounds that it was untimely and that Weese failed to show good cause for the delay. (Doc. Nos. 12, 14.) Weese states that he also filed a timely application for reconsideration under Ohio R. App. P. 26(A)[4], but that the court denied that application as well. *Id.* Weese now seeks a stay and abeyance to completely exhaust his claim.

The stay-and-abeyance procedure is available only in limited circumstances. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). In *Rhines*, the Supreme Court limited the availability of the stay-and-abeyance procedure based on the rationale that if employed too frequently, the procedure has the potential to undermine the purposes of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") to encourage finality and streamline federal habeas proceedings. *Id*. at 277-78. Under *Rhines*, a district court contemplating a stay-and-abeyance order should stay a mixed petition pending prompt exhaustion of state remedies if the following conditions are satisfied: (1) there exists good cause for the petitioner's failure to exhaust, (2) the petitioner's unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* If a district court determines that a stay is inappropriate, it must allow the petitioner to delete the unexhausted claims from his or her petition, especially in circumstances in which dismissal of the entire petition without prejudice would unreasonably impair the petitioner's right to obtain federal relief. *Id.*

---

[4]Rule 26(A) provides that an application for reconsideration of an appellate court decision may be filed "before the judgment or order of the court has been approved by the court and filed by the court with the clerk for journalization or within ten days after the announcement of the court's decision, whichever is the later." Ohio R. App. 26(A).

Weese has failed to demonstrate good cause for his failure to exhaust state court remedies on his claim of ineffective assistance of appellate counsel. Weese asserts that he was prevented from filing an application for reopening because of his appellate counsel's "failure to communicate or ever give him a copy of the [court of appeals] decision." He further claims that he was unaware his counsel was deficient until he had access to the state appellate court decision in *State v. Washington*, No. F-05-001, 2006 Ohio App. LEXIS 3294 (Ohio Ct. App. June 26, 2006 ), which "laid out that failing to notice an appeal was a genuine issue of ineffective assistance of appellate counsel." Weese's arguments are unconvincing.

Weese filed a direct appeal in the state appellate court on January 27, 2005. The court denied Weese's appeal approximately six months later, on August 5, 2005. Weese claims that he was never notified by counsel that his appeal had been denied, yet fails to indicate the date on which he actually became aware of the denial. Respondent asserts that Weese became aware of the decision sometime in August 2005, as the state court's docket sheet indicates that the clerk sent a copy of the decision to Weese on August 11, 2007. (See Doc. No. 9-14, Ex. T, at 2).

Weese does not directly address Respondent's assertion. However, along with his motion for a delayed appeal in the Supreme Court of Ohio, Weese attached an affidavit in which he asserted that he "finally obtained a copy of [the] court of appeals judgment from the clerk in early August 2006," that he had "no clue" his appeal had been previously decided, and that "[l]aw clerks at the institution [in which he was confined] said the court of appeals can take up to a year and a half to issue their decisions, so [he] thought it was still pending." (Doc. No. 9-7 at 7.)

Even assuming Weese did not become aware of the denial of his appeal until sometime in

August 2006, Weese provides no explanation for his failure to file a delayed Rule 26(B) application *after* August 2006. Approximately six months elapsed between early August 2006 and February 2, 2007, the date Weese filed the Petition in the instant case. Once Weese became aware that his appeal had been denied, and that his counsel failed to notify and advise him regarding that fact, he could have filed a Rule 26(B) application, but did not.

Weese's argument that he was unaware that his counsel was ineffective until "he had access to" the state appellate courts's decision in *State v. Washington,* No. F-05-001, 2006 Ohio App. LEXIS 3294 (Ohio Ct. App. June 26, 2006), is unavailing. In that case, the court granted a Rule 26(B) application on facts similar to the facts in Weese's case. However, Weese's awareness of that case was not a prerequisite to his ability to seek relief under Rule 26(B).

In *State v. Washington*, the defendant moved to reopen his appeal under Rule 26(B) on the ground that he was denied the effective assistance of appellate counsel when his attorney "failed to preserve his constitutional [sentencing] claim by noticing an appeal to the Supreme Court of Ohio on an issue then pending before that court." *Id*. at *3. Concluding that Washington demonstrated a genuine issue as to whether he was denied the effective assistance of counsel, the court granted his motion to reopen the appeal. *Id.* at *3-4.

Weese's ineffective assistance of appellate counsel claim appears analogous to the claim of the defendant in *Washington* in that Weese's appellate counsel failed to notice an appeal to the Supreme Court of Ohio when the *Foster* decision was pending before that court. While *Washington* would provide support for Weese's claim in a Rule 26(B) application, Weese's ability to file a Rule 26(B) application was not dependent on the decision in *Washington*. *Washington* was decided June 26, 2006, over seven months before Weese asserted the claim in

his habeas Petition on February 2, 2007. Even assuming Weese did not become aware that he had a potentially meritorious ineffective assistance claim until the day he filed the instant Petition,[5] he offers no explanation for waiting over six months after filing the Petition before seeking a stay and abeyance to pursue his state remedies.

For the reasons discussed above, Weese has not established good cause for failing to exhaust state court remedies on his ineffective assistance of appellate counsel claim. Although Weese appears to state a potentially meritorious claim, and there is no evidence that he has engaged in intentionally dilatory tactics, absent a showing of good cause, a stay and abeyance is not appropriate. Accordingly, the Magistrate Judge recommends that Weese's motion for a stay and abeyance (Doc. No. 12) be **DENIED** and that Weese be granted the opportunity to amend the Petition to delete the unexhausted claim. If Weese fails to amend the Petition, the Petition should be dismissed without prejudice as unexhausted.

The Magistrate Judge further recommends that Weese's alternative request for an extension of twenty (20) days to file a traverse be **GRANTED**.

**IT IS SO ORDERED.**

                                             s/ *Nancy A. Vecchiarelli*
                                             United States Magistrate Judge

DATE: September 12, 2007

## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after being served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**

---

[5] Although Weese asserts that he did not know that his counsel was ineffective until he became aware of the *Washington* decision, he fails to indicate *when* he became aware of the decision.