UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM WEESE, | ) | CASE NO. 3:07CV0296 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | |
| STUART HUDSON, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |
| | ) | |

On February 2, 2007, Petitioner, William Weese, ("Petitioner") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, asserting the following three grounds for relief: (1) Petitioner was denied effective assistance of appellate counsel; (2) Petitioner's sentence is unconstitutional under the 6th Amendment; (3) The Court of Appeals violated Petitioner's rights to due process and equal protection under the 5th and 14th Amendments when it failed to grant his Ap. 26(A) Motion for Reconsideration. (Dkt. # 1).

This case was referred to Magistrate Judge Nancy A. Vecchiarelli for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636 and LR 72.1 on March 21, 2007. (Dkt. # 4). Respondent filed a Return of Writ on May 25, 2007, arguing, *inter alia*, that Petitioner's ineffective assistance of appellate counsel claim is unexhausted, and that, therefore, the petition must be dismissed. (Dkt. # 9). On August 13, 2007, Petitioner filed a motion to hold federal habeas proceedings in abeyance while he

1

exhausts his state court remedies, or, in the alternative, for an extension of time in which to file a traverse. (Dkt. # 12).

On September 12, 2007, Magistrate Judge Vecchiarelli filed a report and recommendation, recommending that this Court deny Petitioner's motion to hold proceedings in abeyance and grant Petitioner's alternative motion for an extension of time in which to file a traverse. (Dkt. # 15). On September 27, 2007, Petitioner filed objections to the Magistrate's report and recommendation. (Dkt. # 16).

Petitioner objects to the Magistrate Judge's finding, as part of the analysis set forth by the Supreme Court in Rhines v. Weber, 544 U.S. 269 (2005), that he has not established good cause for his delay in filing an application to reopen his direct appeal under Ohio R. App. P. 26(B). (Dkt. # 16). Petitioner contends that his failure to file a Rule 26(B) application until six months after he filed the instant federal habeas petition was reasonable because he "did not even know what a 26(B) application was," and because he "did not think he had a meritorious claim until July 5 or 6, 2007 when he found [the decision of the Court of Appeals of Ohio in] State v. Washington." (Dkt. # 13 at 1). The Sixth Circuit has noted, however, that ignorance of the law is insufficient to establish good cause for a habeas petitioner's failure to exhaust state remedies. See Allen v.Yukins, 366 F.3d 396, 403 (6th Cir. 2004); Monzo v. Edwards, 281 F.3d 568, 578 (6th Cir. 2002); see also Lanton v. Lafler, 2007 WL 2780552, *2 (E.D. Mich. 2007). Therefore, Petitioner's objections to the Magistrate Judge's report and recommendation are overruled.

The Court has reviewed the report and recommendation of the Magistrate Judge *de novo*, and finds that it is well-supported. Therefore, Magistrate Judge Vecchiarelli's report and recommendation is hereby **ADOPTED**.

Accordingly, Petitioner's motion to hold federal habeas proceedings in abeyance is **DENIED**. Petitioner may notify the Court within ten (10) days of the filing of this order if he wishes to file an amended petition abandoning the unexhausted claim. Upon Petitioner's filing of an amended petition, this case shall again be referred to Magistrate Judge Nancy A. Vecchiarelli for the issuance of a report and recommendation on the two remaining exhausted grounds.

Petitioner's alternative motion for an extension of time in which to file a traverse is **GRANTED**. Petitioner will have twenty (20) days from the filing of this order in which to file a traverse.

**IT IS SO ORDERED.**

> **/s/ Peter C. Economus – November 1, 2007**
> **PETER C. ECONOMUS**
> **UNITED STATES DISTRICT JUDGE**