IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM WEESE, | ) | CASE NO. 3:07 CV0296 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE ECONOMUS |
| v. | ) | |
| | ) | MAGISTRATE JUDGE VECCHIARELLI |
| STUART HUDSON, Warden, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the court is William Weese's ("Weese") petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on February 2, 2007. Weese is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to a journal entry of sentence in the case of *State of Ohio v. Weese*, Case Nos. CRI 20040359 and CRI 20040536 (Huron County 2004). For the reasons set forth below, the magistrate judge recommends that Weese's petition be denied.

I

The May 2004 term of the Huron County grand jury indicted Weese on three counts of burglary, two counts of theft, and one count of breaking and entering. In a separate indictment, the same grand jury indicted Weese on two counts of aggravated burglary, two counts of burglary, two counts of robbery, and one count each of tampering with evidence, breaking and entering, possession

of criminal tools, and possession of drugs. The court consolidated the two cases generated by the separate indictments upon motion by the state. On October 19, 2004 Weese appeared in court to enter a guilty plea. *See* Transcript of Plea and Sentencing Hearings, Doc. 21. The court instructed Weese regarding the nature of the crimes with which he was charged, the maximum sentences that he might receive, and the possibility that the sentences might be made consecutive. The court also instructed Weese regarding his trial and appellate rights. Weese stated that he understood the nature of his crimes and the possible sentences he might receive and understood his rights. Weese also indicated that he was not then impaired by drugs or alcohol. Weese then pleaded guilty pursuant to a plea agreement to one count of aggravated burglary, four counts of burglary, and one count of robbery in return for dismissal of all other charges. Weese also signed a plea of guilty that included the counts to which he would plead guilty, the maximum sentences that he might receive on each count in return for his plea, and the rights he relinquished by pleading guilty.

On November 5, 2004 Weese moved in the trial court to declare Ohio's felony sentencing system unconstitutional pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004). On December 20, 2004, Weese appeared in court for sentencing. At the hearing, the court overruled Weese's motion to declare Ohio's felony system unconstitutional, distinguishing Ohio's sentencing system from the sentencing system overturned by *Blakely*. The court also sentenced Weese to five years' imprisonment for aggravated burglary, four years' imprisonment for one count of burglary, and two years' imprisonment on each of two counts of burglary and on the count of robbery,[1] The court ordered the sentences to be served consecutively for a total of fifteen years' imprisonment.

---

[1] The court misspoke in sentencing Weese and mistakenly referenced a count of robbery as an additional count of burglary. *See* Sentencing Transcript at 38.

Weese filed a timely notice of appeal in the state appellate court through court-appointed appellate counsel. Weese raised a single assignment of error on appeal:

> I. THE TRIAL COURT ERRED BECAUSE THE FINDINGS OF THE COURT SUPPORTING THE SENTENCE WERE NOT ADMITTED BY THE DEFENDANT NOR FOUND BEYOND A REASONABLE DOUBT BY A JURY WHICH VIOLATED THE DEFENDANT'S RIGHTS TO A TRIAL BY JURY AS GUARANTEED UNDER THE FEDERAL AND STATE CONSTITUTIONS.

On August 5, 2005 the state appellate court overruled Weese's assignment of error and affirmed the judgment of the trial court. Weese did not appeal this decision to the Ohio Supreme Court.

Weese filed in the state appellate court a delayed application for reconsideration pursuant to Ohio App. R. 26(A) and 14(B) on August 10, 2006. Weese argued in his application that the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006), decided Feb. 27, 2006, held that *Blakely* required finding portions of Ohio's felony sentencing system to be unconstitutional.[2] Weese cited as cause for his delay in filing his application the time taken by the Ohio Supreme Court to issue its decision in *Foster*. The state appellate court denied Weese's application as untimely on August 29, 2006.

On October 2, 2006 Weese filed in the Ohio Supreme Court a notice of appeal from the appellate court's August 29, 2006 decision. In his memorandum in support of jurisdiction, Weese asserted two propositions of law:

> Proposition of Law No. I: The court of appeals erred in not determining if cause existed for the delay in appellant's motion for reconsideration made under App.R.s 26(A) & 14(B).

---

[2] The Ohio Supreme Court did not apply *Foster* retroactively. But *Foster* applied to all cases pending when that decision was issued. Weese's period for timely filing a notice of appeal in the Ohio Supreme Court expired on September 20, 2005. Foster was decided on February 27, 2006. Weese applied for delayed reconsideration on August 10, 2006. Because Weese's case was not pending when the Ohio Supreme Court decided *Foster*, the holding in *Foster* was not automatically applied to his case.

3

>Proposition of Law No. II: The issuance of the Foster decision creates sufficient cause for determining an App.R.s 26(A) & 14(B) motion for reconsideration on its merits.

On January 24, 2007 the Ohio Supreme Court denied Weese leave to appeal and dismissed his appeal as not involving any substantial constitutional question.

On November 3, 2006 Weese filed a notice of appeal and a motion for a delayed appeal in the Ohio Supreme Court. In his motion, Weese asserted as cause for the delay in filing his notice of appeal his appellate counsel's ineffective assistance in failing to tell him of the state appellate court's August 5, 2005 decision. Weese explained that he eventually learned of the appellate court's decision by contacting the clerk of courts. The brief in support of his motion did not say when Weese learned of the appellate court's decision, but an affidavit attached to the brief stated that he learned of the decision in August 2006.[3] The Ohio Supreme Court denied Weese's motion for a delayed appeal on December 27, 2006.

Weese filed a petition for a federal writ of habeas corpus in this court on February 2, 2007. Weese raises three grounds for relief:

>**Ground One**: Petitioner was denied effective assistance of appellate counsel.
>
>**Ground Two**: Petitioner's sentence is unconstitutional under the 6th Amendment.
>
>**Ground Three**: The court of appeals violated petitioner's rights to due process and equal protection under the 5th and 14th Amendments when it failed to grant his Ap. 26(A) Motion For Reconsideration.

(Abbreviations and capitalization in the original.) Respondent filed an Answer/Return of Writ on

---

[3] An entry on the appellate court's docket indicates that the original notification of the appellate court's decision sent to Weese on August 6, 2005 was returned to the clerk of the court on August 11, 2005 with a notation that Weese had been transferred to Mansfield Correctional Institution. The entry indicates that notice of the appellate court's decision was then sent to Weese at Mansfield on August 11, 2005.

May 5, 2007 (Doc. 9).

On July 9, 2007 Weese filed in the state appellate court an application for delayed reopening of his direct appeal pursuant to App. R. 26(B). Weese asserted as cause for his untimely application ineffective assistance of appellate counsel, claiming that appellate counsel had failed to file a timely notice of appeal in the Ohio Supreme Court. The state appellate court found that Weese had failed to show good cause for the delay in filing his application and denied the application. Weese filed a motion to reconsider this decision, and the state appellate court denied the motion to reconsider on August 24, 2007. Weese filed in the Ohio Supreme Court a notice of appeal of the appellate court's denial of his application. The Ohio Supreme Court declined jurisdiction on November 21, 2007. *See State v. Weese*, 116 Ohio St. 3d 1414, 876 N.E.2d 970 (Table) (2007).

Weese filed a Traverse to respondent's Answer/Return of Writ on February 5, 2008 (Doc. 25). Thus, the habeas petition is ready for decision. For the reasons described below, the magistrate judge recommends that (1) Weese's third ground for relief be dismissed for lack of subject matter jurisdiction; (2) Weese's first and second grounds for relief be dismissed pursuant to the statute of limitations; or, in the alternative, (3) Weese's first ground for relief be dismissed as procedurally defaulted for failure to assert the claim timely in the state courts; and (4) Weese's second ground for relief be dismissed for failure to raise the claim properly in the Ohio Supreme Court.

II

*A. Jurisdiction*

Writs of habeas corpus may be granted by a district court within its respective jurisdiction:

Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts

5

shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a) and (d).

Weese was convicted and sentenced in Hudson County, Ohio. This court has jurisdiction over his petition. Respondent argues, however, that Weese's third ground for relief, that he was denied due process and equal protection when the state appellate court denied his first application to re-open his appeal, is non-cognizable in habeas proceedings. This is a challenge to the court's subject matter jurisdiction.

Federal courts do not grant habeas relief for alleged errors arising under state law:

> "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers,* 497 U.S. 764 (1990); see also *Pulley v. Harris,* 465 U.S. 37, 41 (1984). . . . [I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

*Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). However, an error of state law may serve as a basis for habeas relief when the petitioner was denied fundamental fairness in the trial process. *Id.*; *see also Serra v. Michigan Dep't of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). An error of state law so severe as to deny fundamental fairness offends the due process clauses of the Fifth and Fourteenth Amendments. *See United States v. Agurs*, 427 U.S. 97, 107 (1976); *see also In re Murchison*, 349 U.S. 133, 136 (1955) ("A fair trial in a fair tribunal is a basic requirement of due process.").

Respondent argues that the court does not have subject matter jurisdiction over Weese's third ground for relief, *inter alia*, because Weese seeks relief based on an alleged error during a collateral proceeding. Habeas claims that challenge constitutional errors committed in collateral, state post-conviction proceedings do not directly challenge the judgment pursuant to which the petitioner is

in custody and are non-cognizable in federal habeas proceedings. *Kirby v. Dutton*, 794 F.2d 245, 247-48 (6th Cir. 1986).

Weese's third ground for relief contends that the denial of his application to reopen his appeal was fundamentally unfair. An application to reopen pursuant to Ohio App. R. 26(b) is a postconviction proceeding. *See Lopez v. Wilson*, 426 F.3d 339 (6th Cir. 2005). Such a claim addressing alleged constitutional violations in collateral, post-conviction proceedings is beyond this court's subject matter jurisdiction. For this reason the magistrate judge recommends that the court dismiss Weese's third ground for relief as outside the court's jurisdiction.

*B.     Statute of limitations*

Respondent contends that Weese's petition is barred by the statute of limitations. Weese denies this contention.

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2244, limits the time within which a person in custody pursuant to the judgment of a state court may file a petition for a federal writ of habeas corpus:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) ("§ 2244(d)(1)").

7

The state appellate court affirmed the judgment of the trial court on August 5, 2005. Ohio S. Ct. Prac. R. II, § 2(A) required Weese to file an application for review by the Ohio Supreme Court within 45 days of this date, by September 19, 2005. Weese failed to file a timely notice of appeal in the Ohio Supreme Court. Thus, the statutory period for filing a petition for a writ of habeas corpus began to run on September 20, 2005 pursuant to the second clause of § 2244(d)(1)(A) and expired on September 21, 2006. Weese did not file his habeas petition until February 2, 2007. Thus, Weese's petition is untimely pursuant to § 2244(d)(1).

Weese argues that his petition is not time barred because (1) his first delayed application to reopen his appeal tolled the running of the statutory period; (2) his court-appointed appellate counsel was ineffective for failing timely to inform him of the state appellate court's decision; and (3) the clerk of courts failed timely to notify him of the appellate court's decision

Weese's first delayed application to reopen his appeal did not toll the running of the statutory period. Title 28 U.S.C. § 2244(d)(2) provides, "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." An application to reopen that is untimely filed, however, is not "properly filed" and does not toll the statutory period. *See Artuz v. Bennett*, 531 U.S. 4, 9-10 (2000). The state appellate court found Weese's application to reopen to be untimely. It did not, therefore, toll the statutory period.

Weese also argues that the statutory period should be tolled because his appellate counsel rendered ineffective assistance in failing to tell Weese that the appellate court had reached a decision in his case and because the clerk failed to mail him notice of the decision. Construing Weese's petition with the liberality required in construing the pleadings of *pro se* petitioners, *Williams v.*

8

*Browman*, 981 F.2d 901, 903 (6th Cir. 1992), the court interprets Weese's argument as an assertion that the statutory period should be equitably tolled due to appellate counsel's ineffective assistance and the clerk's failure to mail notice. A petitioner may be entitled to equitable tolling upon a showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing. *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005).

In the instant case, equitable tolling is not appropriate. It is constitutionally ineffective assistance of counsel for an appellate counsel to fail to tell his client of the outcome of an appellate proceeding. *Smith v. State of Ohio Dep't of Rehab. and Corr.*, 463 F.3d 426, 432-35 (6th Cir. 2006). Had Weese's case been pending at the time *Foster* was decided, his sentence would have been vacated and remanded for resentencing. See *Foster*, 109 Ohio St. 3d at 31, 845 N.E.2d at 499. Nevertheless, Weese has not demonstrated that he has been diligent in pursuing his rights in this matter. Weese's signed Traverse avers that he did not receive a copy of the state appellate court's judgment of August 5, 2005 despite the clerk's having mailed notice to him twice. The first notice was returned to the clerk with a notation that Weese had been transferred to Mandfield Correctional Institution. The clerk sent new notice to Weese at that institution on August 11, 2005. That notice was not returned as undelivered, and Weese is still at Mansfield as of this writing. Even if the court assumes that Weese, indeed, did not receive the second notice, he has been dilatory in keeping himself informed about his case. Weese filed notice of appeal in the state appellate court in January 2005. According to Weese, although his attorney did not communicate with him about the progress of his case, he did not contact the clerk of court to discover what was happening in his case until August 2006, nineteenth months after filing his case and a year after the court had reached a decision. This is not diligence in pursuing one's rights. Without such diligence equitable tolling

9

is inappropriate.

For these reasons, the magistrate judge recommends that Weese's petition be dismissed as time-barred. Nevertheless, alternative grounds for dismissal of grounds two and three will be addressed.

*C.     Exhaustion of state remedies*

A state prisoner must exhaust all available state remedies or have no remaining state remedies available prior to seeking review of a conviction via federal habeas corpus. 28 U.S.C. § 2254(b) and (c); *Castillo v. Peoples*, 489 U.S. 346, 349 (1989); *Riggins v. Macklin*, 936 F.2d 790, 793 (6th Cir. 1991). If any state procedures for relief remain available, the petitioner has not exhausted state remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

A petitioner must fairly present any claims to the state courts in a constitutional context properly to exhaust state remedies. *Anderson v. Harless*, 489 U.S. 4 (1982); *Picard v. Connor*, 404 U.S. 270 (1971); *Shoultes v. Laidlaw*, 886 F.2d 114, 117 (6th Cir. 1989). "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard*, 404 U.S. at 275; *see also Harris v. Reeves*, 794 F.2d 1168. 1174 (6th Cir. 1986). The exhaustion requirement is properly satisfied when the highest court in the state in which petitioner was convicted has been given a full and fair opportunity to rule on all the petitioner's claims. *Manning v. Alexander*, 912 F.2d 878, 881-83 (6th Cir. 1990).

Weese has no remaining state remedies for his claims. Because Weese has no remaining state remedies, his claims have been exhausted.

*D.     Procedural default*

Reasons of federalism and comity generally bar federal habeas corpus review of "contentions

of federal law . . . not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). When a petitioner

> has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

If the state argues that a petitioner has procedurally defaulted, the court must conduct a four-step analysis to determine whether the petitioner has indeed defaulted and, if so, whether the procedural default may be excused:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. . . . This question generally will involve an examination of the legitimate state interests behind the procedural rule in light of the federal interest in considering federal claims. . . . [Fourth, if] the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate . . . that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). A default also will be excused if petitioner demonstrates that not excusing the default "will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

Respondent argues that Weese has defaulted his first and second grounds for relief. Weese denies that he has procedurally defaulted these claims.

*1. Default and ineffective assistance of appellate counsel*

Weese's first ground for relief alleges that his appellate counsel rendered ineffective assistance in violation of the Sixth Amendment. Weese first raised this claim in his motion for a delayed appeal pursuant to Ohio S. Ct. Prac. R. II, § 2(A)(4)(a), filed November 3, 2006. The brief in support of the motion did not state when Weese learned of the appellate court's decision, although an affidavit attached to the brief specified that he learned of the decision in August 2006. The failure of Weese's brief to reveal when he learned of the appellate court's decision was sufficient reason for the Ohio Supreme Court to find that Weese had failed to "state . . . adequate reasons for the delay" pursuant to Ohio S. Ct. Prac. R. II, § 2(A)(4)(a). The Ohio Supreme Court denied Weese's motion for a delayed appeal and dismissed his case on December 27, 2006.

The Sixth Circuit has previously found that denial of review pursuant to Ohio S. Ct. Prac. R. II, § 2(A)(4)(a) is an adequate and independent ground upon which Ohio may rely to foreclose habeas review. *Smith*, 463 F.3d at 431-32. The Sixth Circuit has also held that a dismissal pursuant to Ohio S. Ct. Prac. R. II, § 2(A)(4)(a) is a dismissal on procedural grounds, not a dismissal on the merits. *Id.* at 432, 432 n.3.

Weese next raised his claim of ineffective assistance of appellate counsel on July 9, 2007 in his application to reopen pursuant to Ohio App. R. 26(B). Weese asserted as cause for his untimely application ineffective assistance of appellate counsel in failing to file in the Ohio Supreme Court a timely notice of appeal of the appellate court's August 5, 2005 decision. The state appellate court found that Weese had failed to show good cause for the delay in filing his application and denied the application. The Ohio Supreme Court declined jurisdiction over Weese's appeal of the denial of his application on November 21, 2007.

12

The Sixth Circuit has held that in non-capital cases, a dismissal on the ground that the applicant failed to show good cause for a delay in filing an application pursuant to Ohio App. R. 26(B) is an adequate and independent state ground on which Ohio may rely to foreclose habeas review. *Monzo v. Edwards,* 281 F.3d 568, 578 (6th Cir.2002); *see also Scuba v. Brigano*, 2007 WL 4561522 (6th Cir. Dec. 27, 2007). Moreover, under Ohio law a criminal constitutional question cannot ordinarily be raised in the Ohio Supreme Court unless it is first presented in the court below. *State v. Jester*, 32 Ohio St. 3d, 147, 154, 512 N.E. 2d 962 (1987). Where the state courts are silent as to the reasons for denying a petitioner's due process claim, the Sixth Circuit has applied the presumption that the state court "would not have ignored its own procedural rules and would have enforced the procedural bar." *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996). As Weese failed to raise his claim of ineffective assistance of appellate counsel properly in the state appellate court, this court must assume that the Ohio Supreme Court dismissed Weese's appeal for failure to raise the claim properly in the lower court.

Weese has not fairly presented to the Ohio Supreme Court the merits of his first ground for relief, ineffective assistance of appellate counsel. Because he has not fairly presented this claim to the highest court in the state, he has procedurally defaulted his first ground for relief.

*2.     Default and an alleged Blakely violation in sentencing*

Weese's second ground for relief asserts that his sentencing violated the holding in *Blakely.* Weese presented this claim timely to the state appellate court in his direct appeal. He failed to file a timely notice of appeal in the Ohio Supreme Court to appeal the rejection of this claim.

Weese attempted to raise this claim again in the state appellate court on August 10, 2006 in a delayed application for reconsideration pursuant to Ohio App. R. 26(A) and 14(B). The state

13

appellate court denied Weese's application as untimely on August 29, 2006. Weese timely filed a notice of appeal in the Ohio Supreme Court, and on January 24, 2007 the Ohio Supreme Court denied Weese leave to appeal and dismissed his appeal as not involving any substantial constitutional question. Weese's November 3, 2006 motion for a delayed appeal in the Ohio Supreme Court again unsuccessfully attempted to raise this claim.

Weese has procedurally defaulted this claim. Weese did not explain in his application for reconsideration why he waited more than five months after the decision in *Foster* to ask the appellate court to reconsider his claim. The appellate court dismissed his claim as untimely without examining the merits of the claim. The Ohio Supreme Court's subsequent dismissal of this claim on appeal must be assumed to have occurred because of Weese's failure properly to raise the claim in the court below. Likewise, the Ohio Supreme Court's denial of his motion for a delayed appeal was also a dismissal on procedural grounds, as has been explained above. Because his attempts to present this claim to the Ohio Supreme Court have been dismissed on procedural grounds, Weese has not raised in the Ohio Supreme Court the merits of his claim that his sentencing violated the holding in *Blakely*.[4]

Nor may Weese assert as cause for his default ineffective assistance of appellate counsel. Ineffective assistance of counsel may constitute cause for failing to properly present a claim before a state court. *See Williams v. Anderson*, 460 F.3d 789, 800 (6th Cir. 2006). Ineffective assistance

---

[4] The court notes that even if Weese had not procedurally defaulted his *Blakely* claim and had succeeded in arguing that his sentencing violated the holding in *Blakely*, resentencing might not have given him any relief from his current sentence. Ohio courts may now sentence defendants to any term within the sentencing ranges described in Ohio Rev. Code § 2929.14, Ohio's sentencing statute, without making the findings of fact prohibited by *Blakely*. *See Foster*, 109 Ohio St. 3d at 30, 845 N.E.2d at 498.

of counsel may only serve as cause for a procedural default, however, if that claim itself has not been procedurally defaulted. *Edwards v. Carpenter,* 529 U.S. 446, 453 (2000). Because Weese has procedurally defaulted his claim of ineffective assistance of appellate counsel, he may not assert ineffective assistance of counsel as cause for his default of his *Blakely* claim.

III

For the reasons given above the magistrate judge recommends that Weese's petition be dismissed with prejudice.

Dated:  March 25, 2008                                s:\Nancy A. Vecchiarelli
                                                      Nancy A. Vecchiarelli
                                                      United States Magistrate Judge

**OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after being served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v.Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**