# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **WILLIAM WEESE,** | ) | **CASE NO.  3:07CV0296** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **STUART HUDSON,** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **Defendant.** | ) | |
| | ) | |

On February 2, 2007, Petitioner, William Weese, ("Petitioner") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, asserting the following three grounds for relief: (1) Petitioner was denied effective assistance of appellate counsel; (2) Petitioner's sentence is unconstitutional under the 6th Amendment; (3) the Court of Appeals violated Petitioner's rights to due process and equal protection under the 5th and 14th Amendments when it failed to grant his Ap. 26(A) Motion for Reconsideration.  (Dkt. # 1).

This case was referred to Magistrate Judge Nancy A. Vecchiarelli for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636 and LR 72.1 on March 21, 2007. (Dkt. # 4).  Respondent filed a Return of Writ on May 25, 2007, arguing, *inter alia*, that Petitioner's ineffective assistance of appellate counsel claim is unexhausted, and that, therefore, the petition must be dismissed.  (Dkt. # 9).  The Court granted Petitioner an extension of time in which to file a traverse, and Petitioner filed a traverse on February 5, 2008.  (Dkt. # 25).

1

On March 25, 2008, Magistrate Judge Vecchiarelli issued a report and recommendation, recommending that this Court dismiss the instant petition with prejudice. (Dkt. # 26). The Magistrate found that the petition is time-barred, and that Petitioner's third ground for relief concerns collateral post-conviction proceedings and is thus outside the Court's subject matter jurisdiction. In the alternative, the Magistrate found that dismissal was appropriate because Petitioner's first and second grounds for relief were procedurally defaulted.

On April 10, 2008, Petitioner filed objections to the Magistrate's report and recommendation. (Dkt. # 27). Specifically, Petitioner asserts that the Court has subject matter jurisdiction over his third ground for relief because "[t]he violation complained of in Claim III reaches a federal proportion as it violates Mr. Weese's rights to due process and equal protection under the 5th and 14th Amendments of the U.S. Constitution." (Dkt. # 27 at 1). The objection is not well taken. As the Magistrate correctly found, claims challenging errors in state post-conviction proceedings do not address matters directly pertaining to the Petitioner's detention and are, therefore, not cognizable in federal habeas proceedings. Kirby v. Dutton, 794 F.2d 245, 247 (6th Cir. 1986). Petitioner's third ground alleges error by the state court of appeals in denying his application to reopen his appeal pursuant to Ohio App. R. 26(b). This is a challenge to a post-conviction proceeding and is, therefore, not cognizable in federal habeas proceedings.

Petitioner also objects to the Magistrate's finding that the petition is time-barred. Instead, he argues that the limitations period was tolled by his filing a motion pursuant to

2

Ohio App.R. 26(A), and that the ineffective assistance of appellate counsel created an impediment under 28 U.S.C. § 2244(d)(1)(B) that "keeps the clock from starting until the impediment is removed." (Dkt. # 27 at 2). As the Magistrate noted, Petitioner's Rule 26(A) motion was dismissed by the state court of appeals as untimely and, therefore, did not toll the limitations period. The Magistrate was also correct in determining that Petitioner's failure to contact the clerk of court regarding the status of his appellate proceedings until nineteen months after filing his case makes equitable tolling inappropriate.

Finally, Petitioner argues that his first and second grounds are not procedurally defaulted.[1] He asserts that his failure to fairly present the merits of his ineffective assistance of counsel claim and his challenge to the constitutionality of his sentence should be excused because the procedure for fairly presenting such claims "is a complex series of hoops to jump through. Too many for the layman to understand," (Dkt. # 27 at 3). Petitioner's estimation of the difficulty of the procedure for fairly presenting his claims to the state courts is insufficient to excuse his procedural default. See Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986).

The Court has reviewed the report and recommendation of the Magistrate Judge *de novo*, and finds that it is well-supported. The instant petition is time-barred and outside the Court's subject matter jurisdiction with respect to the third ground. (Dkt. # 1). In the

---

[1] Petitioner states that his second and third grounds for relief are not procedurally defaulted. The Magistrate, however, found that Petitioner's first and second grounds were procedurally defaulted. In any event, the substance of Petitioner's objections correctly addresses the procedural default of his first and second grounds.

3

alternative, dismissal is appropriate because Petitioner's first and second grounds have been procedurally defaulted. Furthermore, for the foregoing reasons, the Court finds that Petitioner's objections are without merit.

Therefore, Magistrate Judge Vecchiarelli's report and recommendation is hereby **ADOPTED**. (Dkt. # 26). Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**. (Dkt. # 1).

Finally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

>**/s/ Peter C. Economus – April 28, 2008**
>**PETER C. ECONOMUS**
>**UNITED STATES DISTRICT JUDGE**